[FILED / LODGED / RECEIVED / COPY stamps: FEB -4 2005, CLERK U S DISTRICT COURT, DISTRICT OF ARIZONA, BY ___ DEPUTY; FEB - ? 2005, CLERK U S DISTRICT COURT, DISTRICT OF ARIZONA, BY ___ DEPUTY]

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandy Goldfine, Derivatively on Behalf of Nominal Defendant Taser International, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Bruce Culver, et al.,<br><br>Defendants,<br><br>and<br><br>Taser International, Inc.,<br><br>Nominal Defendant. | Case No. 05-123-SRB<br><br>**PRETRIAL ORDER NO. 1 CONSOLIDATING AND COORDINATING ACTIONS** |
| Patrick Boccio, Derivatively on Behalf of Nominal Defendant Taser International, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Phillips W. Smith, et al.,<br><br>Defendants,<br><br>and<br><br>Taser International, Inc., | Case No. 05-130-DGC |
| Stephen Solomon, Derivatively on Behalf of Nominal Defendant Taser International, Inc., | Case No. 05-183-JWS |

cc: David Mc Carthy
       (m) 2/9/05

1

(5)

| | |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| Phillips W. Smith, et al., | ) |
| Defendants, | ) |
| and | ) |
| Taser International, Inc., | ) |
| Nominal Defendant. | ) |
| Robert Campbell, Derivatively on Behalf of Nominal Defendant Taser International, Inc., | ) Case No. 05-184-JWS |
| Plaintiff, | ) |
| v. | ) |
| Phillips W. Smith, et al., | ) |
| Defendants, | ) |
| and | ) |
| Taser International, Inc., | ) |
| Nominal Defendant. | ) |
| Tom Robertson, Derivatively on Behalf of Nominal Defendant Taser International, Inc., | ) Case No. 05-284-MS |
| Plaintiff, | ) |
| v. | ) |
| Bruce Culver, et al., | ) |

2

|  |  |
|---|---|
| Defendants, | ) |
| and | ) |
| Taser International, Inc., | ) |
| Nominal Defendant. | ) |
| Michael Guinn, Derivatively on Behalf of Taser International, Inc., | ) Case No. 05-362-EHC |
| Plaintiff, | ) |
| v. | ) |
| Patrick W. Smith, et al. | ) |
| Defendants, | ) |
| and | ) |
| Taser International, Inc., | ) |
| Nominal Defendant. | ) |

AND NOW, this ___9___ day of ___Feb___, 2005, upon consideration of plaintiffs Sandy Goldfine, Patrick Boccio, Stephen Solomon, Robert Campbell, Tom Campbell and Michael Guinn's Motion for Entry of [Proposed] Pretrial Order No. 1, and good cause appearing therefor, it is hereby ORDERED and DECREED as follows:

. . .

. . .

## A.

## CONSOLIDATION

1. The above-captioned actions and any other shareholder derivative action on behalf of Taser International, Inc., ("Taser" or the "Company") filed in or transferred to the United States District Court for the District of Arizona that involve questions of law or fact similar to those contained in the above-captioned actions are consolidated for all purposes under the following caption (the "Consolidated Action"):

| IN RE TASER INTERNATIONAL SHAREHOLDER DERIVATIVE LITIGATION | )  )  ) | Case No. 05-123-SRB |
|---|---|---|

## B.

## PENDING, SUBSEQUENTLY FILED, AND TRANSFERRED RELATED ACTIONS

2. Each and every putative action filed in, or transferred to, the United States District Court For the District of Arizona that involve questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action ("Related Action" or the "Related Actions").

3. Each Related Action shall be governed by the terms of this Pretrial Order No. 1 and shall be consolidated for all purposes with the Consolidated Action. Upon

being served with a Related Action, defendants' counsel shall mail a copy of this Order to counsel for the plaintiff in each Related Action.

4. A party to any Related Action may move for relief from the terms of this Pretrial Order No. 1 only if such motion is filed with the Court and served upon Plaintiffs' Lead Counsel (as defined herein) and counsel for the defendants within thirty (30) days of the mailing of this Pretrial Order No. 1 to counsel for such party. A party to a Related Action shall be entitled to relief from the terms of this Pretrial Order No. 1 only if the party's motion demonstrates that the Related Action does not involve questions of law or fact similar to those contained in the Consolidated Action.

### C.

### PREVIOUSLY FILED PAPERS

5. All papers previously filed and served to date, if any, in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

### D.

### FILING OF THE ORDER

6. This Order shall be filed in the file of Case No. 05-123-SRB and the entry of the Order shall be docketed in each of the consolidated actions. All papers filed by plaintiffs and defendants under the above-consolidated caption shall be filed only in Case

No. 05-123-SRB.

## E.

## **COORDINATION OF PLEADINGS AND OTHER PAPERS**

7. Within 30 days of the entry of this Order, the parties shall submit a proposed schedule with respect to the filing of a consolidated complaint (or designation of an operative complaint) and defendants' answer or response to the consolidated or operative complaint (the "Scheduling Order"). Defendants shall not be required to answer or otherwise respond to any of the complaints in the above-referenced actions until the Scheduling Order is entered by the Court.

8. Service by defendants on plaintiffs of any papers relating to the Consolidated Action shall be deemed to be complete when copies are served on Plaintiffs' Lead Counsel and Liaison Counsel by hand delivery, facsimile, or overnight mail. Except when otherwise agreed, Plaintiffs' Lead Counsel shall serve defendants' counsel by hand delivery, facsimile, or overnight mail.

9. Plaintiffs shall file and serve joint discovery requests, briefs, motions, and other papers unless the Court orders otherwise. Defendants, to the extent practicable, shall file and serve joint discovery requests, briefs, motions, and other papers unless the Court orders otherwise.

. . .

. . .

### F.

### ORGANIZATION OF PLAINTIFFS' COUNSEL

10. Prosecution of the Consolidated Action and each Related Action on behalf of plaintiffs shall be managed and directed by Plaintiffs' Lead Counsel The Weiser Law Firm, P.C. (pro hac vice admission pending). All specific assignments to perform tasks in the Consolidated Action shall be appointed by Plaintiffs' Lead Counsel in such a manner as to lead to the orderly and efficient prosecution of the Consolidated Action and each Related Action and to avoid duplicative or unproductive effort and unnecessary burdens on the parties.

11. Plaintiffs' Lead Counsel shall have the following responsibilities and duties, to be carried out either by Plaintiffs' Lead Counsel or by other plaintiffs' counsel as designated by Plaintiffs' Lead Counsel:

    A.    to brief and argue motions and file appropriate papers in response to proceedings initiated by other parties;

    B.    To enter into agreements with opposing counsel as necessary for the conduct of the Consolidated Action;

    C.    to initiate and conduct discovery proceedings including, but not limited to, the preparation of discovery materials and discussions or negotiations with counsel for defendants;

D.  to direct and coordinate the examination of witnesses in depositions and oral interrogatories;

E.  to act as spokesperson for plaintiffs at pretrial conferences;

F.  to conduct settlement negotiations on behalf of plaintiffs;

G.  to delegate responsibilities for specific tasks to other plaintiffs' counsel in a manner to assure that pretrial preparation for plaintiffs is conducted effectively, efficiently, and economically;

H.  To maintain a complete service list of all counsel;

I.  to coordinate the use and retention of experts and consult with experts;

J.  to perform such other duties as may be expressly authorized or required by further Order of Court;

K.  to conduct pretrial, trial, and post-trial proceedings;

L.  to perform such other duties as they may deem necessary or desirable.

12. The law firm of Titus, Brueckner & Berry, P.C. shall serve as Plaintiffs' Liaison Counsel in the Consolidated Action.

DATED this ___9___ day of ___Feb._____, 2005.

_____
Honorable Susan R. Bolton
United States District Court

FILE LEFT

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Sandy Goldfine, et al., ) | |
| ) | |
| Plaintiff, ) | **CIV 05-123-PHX-SRB** |
| ) | CIV 05-130-PHX-SRB |
| v. ) | ~~CIV 05-183-PHX-SRB~~ |
| ) | CIV 05-184-PHX-SRB |
| Bruce Culver, et al., ) | CIV 05-284-PHX-SRB |
| ) | CIV 05-362-PHX-SRB |
| Defendant. ) | |
| | **(Consolidated)** |

IN THE ABOVE MATTER you are advised that the cases are now consolidated pursuant to this Court's Order filed February 9, 2005, and all the member cases have been reassigned to the Honorable Judge Susan R Bolton. In accordance with Local Rule 42.1, all pleadings will be filed in the lower-numbered case. Therefore future pleadings pertaining to any of these actions will be filed in CIV 05-123-PHX-SRB. The title page of these documents should now be prepared as shown above.

Any documents for filing that do not conform to these instructions may be stricken.

February 11, 2005          RICHARD H. WEARE
Date                       District Court
                           Executive/Clerk

                           _[signature]_
                           (By) Deputy Clerk

cc: (all counsel of record)