1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| IN RE TASER INTERNATIONAL SHAREHOLDER DERIVATIVE LITIGATION | Case No. 05-123-SRB<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>**This Document Relates To:**<br>**ALL ACTIONS** |
|---|---|

WHEREAS, this matter came before the Court on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated December 4, 2006 (the "Stipulation").

WHEREAS, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, and the Court having considered any and all objections properly raised by Current TASER Stockholders at the Settlement Hearing, in accordance with the Court's Preliminary Order dated December 12, 2006, and being otherwise fully appraised in the premises, and

WHEREAS, the Settling Parties having consented to the entry of this Order;

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**<u>Definitions</u>**

1. For purposes of this Final Judgment and Order of Dismissal (the "Judgment"), the Court adopts and incorporates the definitions contained in the Stipulation.

**<u>Jurisdiction</u>**

2. This Court has jurisdiction over the subject matter of the Actions, and over all parties to the Actions, including all Current TASER Stockholders.

**<u>Parties</u>**

3. The Court, solely for the purposes of Settlement, finds that Plaintiffs Sandy Goldfine, Michael Guinn, Patrick Buccio and Tom Robertson ("Plaintiffs") are adequate derivative representatives for TASER.

4. Pursuant to Fed. R. Civ. P. 23.1, and for the purposes of the Settlement only, the Court further finds that the Federal Action was properly brought as a stockholder derivative action for and on behalf of TASER, and that Representative Plaintiffs in the Federal Action fairly and adequately represent the interests of TASER stockholders similarly situated in enforcing the rights of TASER in the Federal Action.

**<u>Notice</u>**

5. The Court finds that the Notices of Settlement of the Actions were provided in accordance with the Preliminary Order, and that such notices were reasonable and constituted the most practicable notice under the circumstances, constituted valid, due and sufficient notice to all Current TASER Stockholders, and complied fully with the requirements of Fed. R. Civ. P.

23.1, due process, the Constitution of the United States, and any other applicable law.

### Settlement Approval

6. This Court hereby approves the Settlement set forth in the Stipulation and finds, in accordance with Fed. R. Civ. P. 23.1, that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of TASER and Current TASER Stockholders and directs the consummation and implementation of the Settlement in accordance with the terms and provisions of the Stipulation.

7. This Court further finds that the Settlement has been entered into and made in good faith, and that All Plaintiffs' Counsel have fairly and adequately represented the interests of TASER and Current TASER Stockholders in connection with the Settlement of the Actions.

### Dismissal with Prejudice

8. The Court hereby dismisses with prejudice all actions consolidated under *In re TASER International Shareholder Derivative Litigation*, Civil Action No. 05-0123-PHX-SRB without costs to any party, except as provided herein.

9. The Court further orders that the parties in the State Court Actions, to the extent that they have not done so already, shall promptly move to dismiss those actions with prejudice, pursuant to the terms in the Stipulation.

### No Admission or Evidence of Liability

10. This Court hereby decrees that neither the Stipulation, nor this Judgment, nor the fact of the Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or Released Persons or of the truth of any of the

claims or allegations alleged in the Actions. This Judgment is not a finding of the validity or invalidity of any claims in the Actions or of any wrongdoing or lack thereof by any Defendant. The Stipulation, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or Released Persons, or of the truth of any of the claims or allegations, or of any alleged defense, or of the absence of any wrongdoing or limitation of damage or injury, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, by any Person, in any other proceeding.

**Releases and Covenants**

11.    Upon the Effective Date, Representative Plaintiffs, All Plaintiffs' Counsel, TASER, and Current TASER Stockholders, are hereby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing against any of the Released Persons any of the Released Claims (including "Unknown Claims") in any court or other forum whatsoever, including such Released Claims as already may have been asserted in any pending action, arbitration or other proceeding.

12.    Upon the Effective Date, each Defendant and Current TASER Stockholders shall fully, finally, and forever release, relinquish and discharge Representative Plaintiffs and All Plaintiffs' Counsel from all claims, known or unknown, arising from or relating to the institution, prosecution, assertion, settlement or resolution of the Actions.

**Continuing Jurisdiction**

13.    Without affecting the finality of this Judgment in any way, this Court retains

continuing jurisdiction: (a) over the implementation, administration and consummation of this Settlement; (b) over the Federal Action and the parties and counsel in the State Court Actions until the Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties to the Stipulation shall have been performed pursuant to the Stipulation; and (c) over all parties to the Actions and all parties to the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

### Termination of Settlement

14. In the event that the Settlement does not become effective or is terminated in accordance with the terms and provisions of the Stipulation, then this Judgment, with the exception of Paragraph 10 hereof, shall be rendered null and void and be vacated and the Stipulation and all orders entered in connection therewith by this Court shall be rendered null and void.

### Attorneys' Fees and Reimbursement of Expenses

15. All Plaintiffs' Counsel are hereby awarded as attorneys' fees and reimbursement of expenses the sum of $1,750,000 (the "Fee Award"). The Fee Award has been determined by the Court to be fair, reasonable, and entirely appropriate. No other fees, costs or expenses may be awarded to All Plaintiffs' Counsel in connection with the Actions or any related action. The Fee Award shall be distributed in accordance with the terms of the Stipulation.

16. The issuance of TASER common stock to pay the Fee Award pursuant to the Stipulation is fair and reasonable, and is being made in exchange for one or more *bona fide*

outstanding claims or property interests where the terms and conditions of such issuance and exchange have been approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange had the right to appear, by this court, all within the meaning of Section 3(a)(10) of the Securities Act of 1933, and such shares of TASER common stock are exempt securities within the meaning of such Securities Act of 1933, and the issuance of such shares of TASER common stock otherwise qualifies for and may be issued pursuant to an exemption from registration as afforded by Section 3(a)(10).

### Reasonable Extensions

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provision of the Stipulation.

### Entry of Final Judgment

18. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed pursuant to Fed. R. Civ. P. 54(b) to enter this Judgment forthwith.

Dated this 13th day of March, 2007.

_____
Susan R. Bolton
United States District Judge